# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 19-344 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

On June 11, 2019, Petitioner Marc Morgan ("Petitioner") filed a timely motion pursuant to Federal Rule of Civil Procedure 59(e) (hereinafter, "Rule 59(e) Motion," Doc. 4) requesting the undersigned reconsider the May 8, 2019 Order (hereinafter "Denial Order," Doc. 2) denying his Motion to Vacate Sentence under 28 U.S.C. § 2255 (hereinafter, "Motion to Vacate," Doc. 1). Though Petitioner appealed the Denial Order in the related Criminal Action, No. 16-109, to the Court of Appeals for the Third Circuit on May 22, 2019, this Court must resolve his pending motion before that appeal may continue. Federal Rule of Appellate Procedure 4(a)(4)(B)(i); see 16A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.4 ("[A]ny notice of appeal filed after announcement or entry of the judgment but before disposition of the last tolling motion becomes effective 'when the order disposing of the last such remaining motion is entered.'")

"A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

1

Petitioner advances two grounds for reconsideration, neither of which is fruitful. First, he argues that the Court failed to provide Petitioner at least 30 days to reply to the Government's response "pursuant to it's [sic] local rule . . . [which] deprived him of a full and fair opportunity to litigate" his claims and resulted in prejudice. (Rule 59(e) Motion at 4.) Specifically, Petitioner points to Local Rule 2255.E.2. and states that the Court was required to give him 30 days to Reply before denying his Motion to Vacate.[1] Petitioner has misunderstood Local Civil Rule 2255 (hereinafter, "Local Rule 2255").

Local Rule 2255 is intended to supplement, when necessary, the corresponding rules entitled "Rules Governing Section 2255 Proceedings for the United States District Courts" (hereinafter, "Federal 2255 Rules"). See Local Rule 2255.A.2. The Federal 2255 Rules, particularly Rules 4 and 5, explain every Section 2255 motion undergoes a "preliminary review" by the district court, during which it is subject to dismissal if the judge finds it lacks merit. See Federal 2255 Rules at Rule 4(b) ("The judge who receives the motion must promptly examine it. . . . If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion."). On the other hand, if the reviewing judge completes preliminary review and determines the motion has merit, the judge is required to order an Answer or other response from the Government. See id. ("If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response.") It is to this required pleading by the Government that a petitioner may file a reply. See Federal 2255 Rules at Rule 5. Local Rule 2255 makes the distinction between the preliminary review process and the Answer/Reply period even clearer, explaining that after a district court's "undertaking preliminary review of the

---

[1] The Denial Order was issued shortly after the Government filed its Response in the related Criminal Action, No. 16-109.

motion for relief under 28 U.S.C. § 2255 (and the United States Attorney's initial response, if any), if the Court finds that there is no basis for dismissal, the Court must enter an order directing the United States Attorney to respond by way of an Answer." Local Rule 2255.E.1. This right to a reply is only triggered if the district court has made a determination during preliminary review that a Section 2255 motion has merit.

In this case, the Court undertook its preliminary review of Petitioner's Motion to Vacate and the Government's initial response and found ample basis for dismissal. Thus, the Court entered the Denial Order as it plainly appeared that Petitioner was not entitled to relief. See Federal 2255 Rules at Rule 4(b). The critical finding that "there is no basis for dismissal" of Petitioner's Motion to Vacate was not made, and therefore the reply provision was not triggered.

As to Petitioner's second argument in his 59(e) Motion, he states that the Court "overlooked the facts" which demonstrate that he was threatened and coerced into pleading guilty by his counsel. (59(e) Motion at 4–7.) Up front, however, Petitioner "concurs with the Government and the Court" that he confirmed at the time he entered his plea that "no threat or force has occured [sic]" which caused him to plead guilty. (59(e) Motion at 4.) Further, the remaining facts relied upon by Petitioner are not new, but rather come from the hearing transcript that was available to Petitioner before he filed his Motion to Vacate.[2] Thus, he presents no grounds for reconsideration with regard to this argument. Max's Seafood,176 F.3d at 677.

* * *

---

[2] Petitioner bizarrely contends for the first time that, during his change of plea hearing, his attorney "aggressively grabbed" his arm and "pulled him to the side" as part of his coordinated effort to coerce Petitioner to plead guilty. The undersigned presided over the hearing and notes that neither she, nor any other person in the courtroom, saw this conduct and memorialized it for the record.

For the reasons discussed above, Petitioner's 59(e) Motion, (Doc. 4), is **DENIED**.

IT IS SO ORDERED.

June 19, 2019                                         s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via Electronic Filing):

All Counsel of Record

Marc Morgan
FCI Loretto
P.O. Box 1000
Loretto, PA 16630